UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAYTHEL FISHER, JR. et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01371-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff James Grzeslo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ECF Nos. 1, 5). Plaintiff filed his complaint on September 14, 2021.

On October 4, 2021, Plaintiff filed a "motion for preliminary injunction and protective order," which the court construes as a motion for a preliminary injunction and a motion for a temporary restraining order. (ECF No. 7). Because the Defendants have not been served, because Plaintiff fails to satisfy the requirements of Federal Rule of Civil Procedure 65, and because the motions are, in part, directed to claims that have no relationship to this case, the Court will recommend that the motion for a preliminary injunction and a motion for a temporary restraining order be denied.

1

## I. SUMMARY OF PLAINTIFF'S MOTIONS

Generally, Plaintiff alleges that he is disabled and that Defendants are requiring him to work a prison job that he is physically unable to perform and that exposes him to dangers, such as carcinogens, toxins, and asbestos. (ECF No. 7). Plaintiff alleges that such conduct violates his Eighth Amendment rights and the Americans with Disabilities Act. Further, Plaintiff alleges that Defendants have falsified documents concerning his job assignment and have retaliated against him by trying to force him to sign falsified documents.

Plaintiff also lists new allegations of retaliation that occurred on September 25, 2021, after his complaint was filed. (*Id.* at 9). Plaintiff accuses Correctional Officer B. Suzao, who is not named as a defendant in this case, of falsifying a document that indicated that guards had confiscated an inmate manufactured lighter from Plaintiff. (*Id.*). He also accuses Suzao of throwing away his "Hebrew Tefillin." (*Id.* at 10). As for relief, Plaintiff requests that the Court "order that Plaintiff be placed on the 'unassigned' roster until further order of the Court." (*Id.* at 12).

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an

injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

A temporary restraining order may issue without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.   ANALYSIS**

The Court will recommend that Plaintiff's motion for injunctive relief be denied. First, this case has not yet been screened under 28 U.S.C. § 1915A(a). Accordingly, the Court has not yet determined whether service of the complaint is appropriate as to any Defendant, nor has any Defendant appeared. Accordingly, this Court is unable to grant a preliminary injunction. *See Robertson v. Kaiser-Nevel*, No. 20-02523 BLF, 2021 WL 629318, at *1 (N.D. Cal. Jan. 4, 2021) ("Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the

parties to the action are served."); *Waterbury v. Scribner*, No. 1:05-cv-000764-LJO DLB, 2007 WL 781877, at *1 (E.D. Cal. Mar. 13, 2007) ("Plaintiff is not entitled to preliminary injunctive relief until such time as the named defendants have been served with the summons and complaint.").

A temporary restraining order may be granted without written or oral notice if (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and (2) the movant's attorney (or Plaintiff in this case as he is appearing *pro se*) certifies in writing any efforts made to give notice and the reasons why it should not be required. However, Plaintiff has not satisfied both requirements here.

Second, Plaintiff's motions appear to seek relief as to claims not contained in the complaint—specifically, his allegations of retaliation concerning Correctional Officer B. Suzao. An injunction or restraining order binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Given that Suzao is not a party and that Plaintiff is seeking relief based on a claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not the appropriate case to seek such relief. *Robertson*, 2021 WL 629318, at *1 ("[A] plaintiff is not entitled to an injunction based on claims not pled in the complaint.").

**IV.    RECOMMENDATIONS**

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and a motion for a temporary restraining order (ECF No. 7) be denied, without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed

within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 5, 2021**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE