1  JAMES GRZESLO; CDCR NO. BB-2085; B-1/09/1-LOW
2  VALLEY STATE PRISON
3  P.O. BOX 96
4  CHOWCHILLA, CALIFORNIA 93610-0096
5  PRO SE LITIGANT IN FORMA PAUPERIS

FILED
JAN 18 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

RECEIVED
JAN 18 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

12  JAMES GRZESLO,                    CASE NO. 1:21-CV-01371-NONE-SPG (PC)
13  PLAINTIFF,
14                                    PLAINTIFF'S SECOND AMENDED
15      V.                            CIVIL RIGHTS COMPLAINT UNDER
16                                    42 U.S.C. § 1983.
17  RAYTHEL FISHER, JR., ET. AL.,
18  DEFENDANTS.                       {REF: DKT 23; F.R. C.P, RULES 3 § 5(e); L.R. 130}.

## JURISDICTION

For good cause, the Plaintiff files his lawsuit against the defendants pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff shall further seek relief pursuant to Title III - Civil Rights Act of 1964; the Americans with Disabilities Act (28 U.S.C. §§ 1201, et. seq); the Federal Rehabilitations Act (28 U.S.C. § 794); and U.S. Constitutional law.

1

## INTRODUCTION

"Herein is a case that is impressive in its simplicity... credibility of the defendants is a main issue." — Hon. Robert H. Jackson, U.S. Chief Counsel at Nuremberg Trial, 1946; and Associate Justice of the U.S. Supreme Court. [1]

1. James Grzeslo, (hereafter-Plaintiff), is a paraplegic, totally disabled prisoner restricted to a wheelchair, residing at Valley State Prison located in Chowchilla, California.

2. The named Defendants have been employed by the state agency known as the California Department of Corrections and Rehabilitation, (hereafter-CDCR).

3. For good cause, this Plaintiff moves the Court to find this Complaint actionable, meritorious on standing and cause to warrant judgment against Defendants; relief is also warranted based on triable facts which shall be enumerated in this lawsuit.

///
///

---

[1] "Architects in Genocide"—Hon. Robert H. Jackson — <u>Greatest Closing Arguments in Modern Law</u>, Lief, Caldwell, Byel - Profs. of Constitutional Law, 1996, Scriber.

///
///

2

42 U.S.C. § 1983        1:21-CV-01371-NONE-EPG (PC)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) at HN 10: "Under FRCP Rule 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Further, the pleading must "contain factual matter accepted as true that is plausible on its face." *Id.*, at 570. Therefore:

1. **Fact of Complaint** — For over two decades society has been made clearly aware that CDCR is consistently ranked as the most corrupt and racist state prison system in America. 2

2. **Fact of Complaint** — The public and inmates were made aware of the uncovering the existence of a secret prison society within CDCR, beginning at Salinas State Prison in 1996, known as the "Green Wall". This secret "Gestapo" organization is patterned similar to the Klu Klux Klan and comprise CDCR officials and correctional officers (prison guards). This "Green Wall" is alive at Valley State Prison this day. 3

As in his book entitled *The Green Wall*, former CDCR prison guard D.J. Vodicka reveals atrocities of this secret group within California prisons to abuse disabled

---

2. Los Angeles Times; San Francisco Chronicle; Sacramento Bee; Dateline NBC News.

3. *The Green Wall* — by D.J. Vodicka; iUniverse, 1663 Liberty Drive, Bloomington, IN. 47403 — 10/12/2009.

1  AND INDIGENT INMATES THROUGH USE OF UNJUSTIFIED PHYSICAL
2  ABUSE, NEGLECT OF MEDICAL CARE, DEPRIVATION, RETALIATION,
3  TORTURE AND MURDER.
4
5  B. <u>FACT</u> - IN LATE 2020, U.S. DISTRICT COURT JUDGE CLAUDIA WILKEN
6  ORDERED THE INJUNCTION AGAINST CDCR CORRECTIONAL OFFICERS
7  AT SEVERAL STATE PRISONS TO WEAR THE ALREADY 'PAID FOR'
8  BODY CAMERAS AFTER SUFFICIENT COURT EVIDENCE DETAILED
9  PHYSICAL ASSAULTS, ABUSE, AND RETALIATION BY THESE CORRECT-
10 IONAL OFFICERS AGAINST MORE THAN 100 DISABLED INMATES WHO
11 FILED LAWSUITS AT JUST ONE CDCR PRISON - R.J. DONOVAN. 4
12
13 3. BY REASON OF FACTUAL AND DISCOVERABLE MATERIAL EVIDENCE TO
14 FURTHER SUPPORT HIS COMPLAINT AND LAWSUIT AGAINST THE DEFENDANTS,
15 FORMER VALLEY STATE PRISON'S ASSOCIATE WARDEN AND ITS AMERI-
16 CANS WITH DISABILITIES ACT PROGRAM DIRECTOR, S. BODIFORD, CLEARLY
17 EMPHASIZED THAT CDCR AND VALLEY STATE <u>MUST</u> COMPLY TO VERY
18 SPECIFIC FEDERAL ADA GUIDELINES:
19
20  A. <u>FACT</u>: "<u>THERE'S A PROCESS IN PLACE. THE ADA INMATE MUST MEET
21  THE ELIGIBILITY CRITERIA OF THE VOCATIONAL WORK ASSIGNMENTS...
22  AND MUST BE ABLE TO PERFORM THE DESIGNATED AND ESSENTIAL
23  FUNCTIONS OF THE ASSIGNMENT. FACTORS INCLUDE THE RISK IN-</u>  5
24  _____
25  4. SAN QUENTIN NEWS, VOL. 2021 No. 8; OCTOBER 2021, EDITION 139.
26  5. VALLEY STATE PRISON'S MAC MEETING HEADED BY A.W. S. BODIFORD.
27

42 U.S.C., §1983          1:21-CV-01371-NONE-EPG (PC)

COURT PAPER
STATE OF CALIFORNIA

volved, medical factors, history of seizures, chemical exposures, et cetera."

B. <u>FACT</u>: Valley State Prison Defendants and CDCR did not remotely comply to federal ADA law, Title VII of the Civil Rights Act in Plaintiff's case.

C. <u>Daily Fact</u> — Plaintiff was forced to work as an automotive mechanics teacher aide, although not qualified and never tested in order to "be able to perform the designated and essential functions of the assignment." He is not "able-bodied" and therefore it can be concluded that CDCR's Title 15 § 3040(a) not only contradicts, but does factually violate the Americans with Disabilities Act §§ 12101, et. seq., U.S. Supreme Court mandate held in <u>Edwards v. Balisok</u>, Id. 6

d. In addition to Plaintiff being a paraplegic, totally disabled, wheelchair bound prisoner, he is and has a history of seizure activity since 1958. Yet, he is forced to work in an unqualified position and field where the vocational automotive shop contains an expensive auto tire alignment machine containing dozens of small blinking red lights — a definitive causation of seizures addressed by A.W. Bediford. <u>Fact</u> of medicine and neuroscience.

---

6. <u>Edwards v. Balistock</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed. 2d 906 (1997).

///

5

42 U.S.C., § 1983     1:21-cv-01371-NONE-EPG (PC)

4. FACT – On a daily continuum from April 02, 2021 through November 12, 2021, the Defendants, (all or in part), abused this paraplegic and permanently disabled Plaintiff to be exposed to asbestos residue and dust from brake lines and brake pads, which can lead to the incurable asbestos lung cancer and mesothelioma. The Federal Government's Enviromental Protection Agency (EPA) has outlawed asbestos nearly thirty years ago. So too, the U.S. Department of Occupational Health and Safety Association (Act) – OHSA, and its counterpart CALOHSA. Defendants refused to provide filtration masks thereby violating the U.S. Constitution's First and Eighth Amendments prohibiting endangerment of even a prisoner's life, coupled by the use of cruel and unusual punishment.

A. DAILY FACT – Plaintiff was exposed to numerous carcinogens; caustic substances; acids; explosive/flammable substances not properly stored; fire extinguishers in a inaccessible area and locked up; wood, paper, auto tires openly stored on top of locked hazmat wall lockers containing flammables, acids, caustic substances. Safety and health risk of daily concern; hazard.

B. Wheelchair inaccessible work environment; cramped spaces; dangers exposed to injury or death in this shop.

C. No actual ADA toileting facility – only a toilet sharing the space with two large mop buckets and large over-hanging push brooms. FACT – in violation of ADA statute. However,

///

6

42 U.S.C. §1983          1:21-CV-01371-NONE-EPG (PC)

1  THE U.S. SUPREME COURT HAD PREVIOUSLY HELD THAT, "BY SIMPLY MOVING
2  THE ADA INMATE TO A DIFFERENT SECTION OF THE SAME JOB SITE
3  DOES NOT JUSTIFIABLY CORRECT THE HAZARDOUS ELEMENTS OF
4  DANGER OR HARM.".. AS ASSOCIATE WARDEN / ADA DESIGNEE
5  DEFENDANT DAVI AND DEFENDANT ERNEST COSTILLO ALLEGE
6  BY "SIMPLY ACCOMODATING" PLAINTIFF'S WORK STATION IN THE
7  SAME HAZARDOUS JOB SITE. SINCE PLAINTIFF WAS RELOCATED
8  TO THE AUTOMOTIVE CLASSROOM, HE STILL FREQUENTLY HAD
9  TO ENTER THE DANGEROUS AND HAZARDOUS SHOP IN ORDER TO
10 UTILIZE THE PSEUDO-ADA TOILET. SOAP DISPENSER, HAND WIPES OUT
11 OF WHEELCHAIR PLAINTIFF'S REACH. NO MODIFICATION DONE.

13 5. "THE TEST FOR DELIBERATE INDIFFERENCE DOES NOT REQUIRE
14 A PRISON OFFICIAL TO AFFIRMATIVELY PROCLAIM THE ABUSE." AS
15 UNDER FARMER 7, THE U.S. SUPREME COURT RULED, "THE PLAINTIFF IS
16 NOT REQUIRED TO PRODUCE A 'SMOKING GUN' OF DELIBERATE INDIFFERENCE"
17 PLAINTIFF HAS BOTH QUALITATIVE AND QUANTITATIVE CIRCUMSTANTIAL
18 EVIDENCE AGAINST THESE DEFENDANTS.

20 A. ALL DEFENDANTS IN THIS LAWSUIT "KNOW THAT INMATES FACE
21 A SUBSTANTIAL RISK OR SERIOUS INJURY, HARM AND DISREGARD
22 THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE
23 IT." [FARMER, Id.].

---

25 7. FARMER V. BRENNAN, 511 U.S. CITED AT 847, 825, 114 S.Ct. 1970 (1994),
26 SOUTHERN POVERTY LAW CENTER LITIGATION, 2009.
27 ///

7

42 U.S.C., §1983                                  1:21-cv-01371-NONE-EPG (PC)

6. WE DO CONCLUDE THROUGH THE EXPERIENCE OF DAILY ABUSE, RETALIATION, VIOLATIONS TO PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHTS; HIS FEDERAL AND STATUTE RIGHTS; THE ADA 42 U.S.C. §§ 12101, ET. SEQ.; THE FEDERAL REHABILITATIONS ACT (29 U.S.C. § 794); TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 THAT THESE DEFENDANTS CLAIM, "EACH WAS WITHOUT INDEPENDENT AUTHORITY, WITHOUT ABSOLUTE KNOWLEDGE, WITHOUT INFLUENCE, AND WITHOUT IMPORTANCE ... THESE DEFENDANTS SAW NO EVIL, SPOKE NONE, AND NONE WAS UTTERED IN THEIR PRESENCE. THIS CLAIM WOULD SOUND VERY PLAUSIBLE IF MADE BY ONE DEFENDANT."

THE LAST STAND OF EACH DEFENDANT IS THAT "EVEN IF THERE WAS A CONSPIRACY, THE INDIVIDUAL WAS NOT INVOLVED. IT CONTRADICTS COMMON SENSE AND EXPERIENCE THAT THE DEFENDANTS OF SUCH DIVERSE BACKGROUNDS SHOULD FORWARD EACH OTHER'S AIMS SIMPLY BY COINCIDENCE." THEREFORE, UNDER CDCR AND VALLEY STATE PRISON, A COMMON PLAN OF CONSPIRACY EXISTS SINCE EACH KNEW OF OR WERE ADVISED OF PLAINTIFF'S MEDICAL CONDITIONS AND NON-QUALIFICATIONS. THE PLAINTIFF WILL ENUMERATE IN THIS ALLEGED PRISON-DEFENDANT CONSPIRACY AND HABITUAL ACTS OF OBSTRUCTION OF JUSTICE UNDER U.S. v. JIMENEZ, 300 F.3d 1166, 1170 (9TH CIR. 2002); AND U.S. v. ANDERSON: 2/11/2019 (9TH CIR. 2019). [18 U.S.C., §§ 3.C1.1; 1510; 1515 (a)(2) AND (3)(A) — SEE ALSO U.S. v DUNNIGAN (1993), 507 U.S. 87].

///

8. "ARCHITECTS IN GENOCIDE" — HON. ROBERT H. JACKSON — GREATEST CLOSING ARGUMENTS IN MODERN LAW; LIEF, CALDWELL, BYEL; 1998, SCRIBER.

9. SOUTHERN POVERTY LAW CENTER LITIGATION, 2009.

///

DEFENDANTS

All and/or in part, Defendants named have knowingly and with intent under the color of law, pragmatically violated Federal Constitutional Law, Federal Statutes, and State CDCR Rules of Regulations to abuse, harm, injure, retaliate, and punish a paraplegic, totally disabled, 95% deaf inmate who was not qualified to do assigned work as an "Able-Bodied" inmate. Claim is against official and/or individual violations.

1. **KATHLEEN ALLISON** — Secretary of CDCR: Obstruction of Justice under <u>Lewis v. Casey</u> and <u>Bounds v. Smith</u> 10 - by denying "the fundamental constitutional right to access the courts in the preparation and filing of meaningful legal papers." Violation of CDCR's Department Operations Manual § 14010.21 not to charge indigent inmates for copying legal work; contradicting CDCR's Title 15 §3162 (c) legal forms and duplicating from 50 copies down to only 10 pursuant to CDCR's email to law library restrictions. Violation of U.S. Constitution's First Amendment, Eighth and Fourteenth Amendments. Plaintiff at risk if court documents now limited to 10 copies per week, if shorter deadline exists.

---

10. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) at 353; and <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S. Ct. 1491 (1977).

9

42 U.S.C. § 1983    1:21-cv-01371-NONE-EPG (PC)

DEFENDANTS (CONTINUED)

2. RAYTHEL FISHE, JR. — FORMER WARDEN, ACTIVE DURING CASE IN ITS APRIL 2021 INCEPTION AT VALLEY STATE PRISON. LIABILITY INCLUDES BUT NOT LIMITED TO, "RELEGATES AND DELEGATES AUTHORITY, ASSIGNMENTS, AND RESPONSIBILITIES TO SUB-ORDINATES." 11

3. ERNEST CASTILLO — AUTOMOTIVE MECHANICS INSTRUCTOR AT VALLEY STATE PRISON DURING CASE APRIL 02, 2021 THROUGH NOVEMBER 12, 2021 (APPROX.). ABUSED, PLACED PLAINTIFF UNDER PSYCHOLOGICAL/PHYSICAL DURESS AND HARDSHIP EACH DAY OF WORK ASSIGNMENT. BY REFUSING TO ADMINISTRATIVELY HAVE THE UNQUALIFIED AND DISABLED PLAINTIFF REASSIGNED ELSEWHERE, CASTILLO INTENTIONALLY EXPOSED PLAINTIFF TO A HOSTILE WORK ENVIRONMENT BY EXPOSING PLAINTIFF TO KNOWN SUBSTANCES OUTLAWED BY U.S. GOVERNMENT AGENCIES; HARASSING PLAINTIFF; FILING KNOWINGLY FALSIFIED JOB ASSIGNMENTS SUBMITTED TO CDCR HEADQUARTERS IN SACRAMENTO. WITNESSED BY INMATE-STUDENTS, WILLING TO TESTIFY AT TRIAL.

4. B. DAVI — ASSOCIATE WARDEN, ADA DIRECTOR DESIGNEE AT

---

11. IN RE BERMAN (1935), CA 7 III, 80 F.2d 861; AND U.S. v. UNITED MINE WORKERS (1947) 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884.

42 U.S.C., § 1983                                    1:21-CV-01371-NONE-EPG   (PC)

DEFENDANTS (CONTINUED)

4. B. DAVI (CONT.) — Repeatedly wrote and submitted falsified reports to CDCR Headquarters to include execution of two written Reasonable Accommodation Reports (RAP) — a legal document required by law, pursuant to the penalty of perjury under Fed. R. Civ. P. 5; 28 U.S.C. § 1746. Sent custody officers to harass and to force Plaintiff to sign legal documents affiliated with case at hand.

5. M. NAVARRETTE — Custodial Counselor I at this prison, ordered by B. Davi to force Plaintiff to sign falsified legal documents.

6. LIEUTENANT B. BEAN — Former Program Office Sergeant on Bravo Yard who gave direct order for Plaintiff not to return to work in the Vocational Automotive Shop since he and Defendant had settled the issue. Defendant Bean witnessed on two seperate occassions giving inmates similar direct orders; results ended in each inmate and the Plaintiff receiving disciplinary action.

7. SERGEANT SANTOYA — Bravo Yard Program Office Sergeant who wrote a falsified Rules Violation Report, Log Number- 000000007088996 of May 25, 2021; pursuant to penalties of perjury as addressed in § 1746. Subsequently, Defendant Santoya, an unimmunized state employee,

///

11

42 U.S.C. § 1983                    1:21-CV-01371-NONE-EPG (PC)

DEFENDANTS (CONTINUED)

7. SANTOYA (CONT.) — TESTED POSITIVE FOR COVID. AFTER A RETURN TO DUTY (NEARLY 3-MONTHS LATER), DEFENDANT SANTOYA AND OTHER UNVACCINATED PRISON GUARDS HAVE TESTED POSITIVE FOR COVID. SANTOYA HAD OFFICIAL MEETING PRIOR TO HIS SECOND COVID ISOLATION RELATED IN-PART TO THIS CASE. PLAINTIFF HAS PREVIOUSLY RECEIVED ALL COVID IMMUNIZATION AND SUBSEQUENT BOOSTER INJECTIONS. IT WAS OFFICIALLY DETERMINED BY MEDICAL AUTHORITY THAT THE COVID VIRUS WAS BEING SPREAD AT THIS PRISON BY NON IMMUNIZED STAFF. THEREFORE, NOT ONLY HAS SANTOYA PERJURED HIS WRITTEN TESTIMONY IN THIS CASE, HE HAS ALSO ENDANGERED THE PLAINTIFF'S LIFE AND HEALTH BY HIS REFUSAL TO ADHERE TO STATE COVID IMMUNIZATION PROTOCOL/MANDATES

8. B. SUAZO — CORRECTIONAL OFFICER AT VALLEY STATE PRISON AND WAS WITNESSED ADMITTING TO FALSIFICATION OF CELL INSPECTION DOCUMENTATION SUBMITTED TO PRISON OFFICIALS. HE FURTHER ADMITTED TO PERSONALLY GOING IN TO PLAINTIFF'S WALL LOCKER TO INTENTIONALLY THROW AWAY PLAINTIFF'S JEWISH PRAYER NECESSITY ACQUIRED DURING THE HOLOCAUST. SUAZO NOW SUBJECT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 FOR DISCRIMINATION, ANTI-SEMITISM; VIOLATION OF U.S. CONSTITUTION'S FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS RIGHTS OF THE PLAINTIFF. THIS FURTHER

DEFENDANTS (CONTINUED)

B. B. SUAZO (CONT.) - CORRELATES TO PLAINTIFF'S § 1983 ACTIONABLE LAWSUIT DUE TO ADVERSITY BY INDIVIDUAL FILING KNOWN FRAUDULENT CLAIMS IN THE EASTERN U.S. DISTRICT COURT, FRESNO DIVISION UNDER THE HONORABLE DISTRICT COURT MAGISTRATE JUDGE ERICA P. GROSJEAN; CASE NUMBER 2021 U.S. DIST LEXUS 223413 / 1:19-cv-00316-DAD-EPG (PC).

CLAIM I

DEFENDANTS' INTENTIONAL, MALICIOUS VIOLATIONS AND ABROGATIONS TO PLAINTIFF'S FIRST, EIGHTH, AND FOURTEENTH U.S. CONSTITUTIONAL AMENDMENTS RIGHTS.

FACTS - PREVIOUSLY NOTED IN THIS COMPLAINT DOCUMENTATION.

CLAIM II

DEFENDANTS INTENTIONAL, MALICIOUS VIOLATIONS INCLUSIVE OF 42 U.S.C., § 1983; AMERICANS WITH DISABILITIES ACT 42 U.S.C., §§ 12101 ET SEQ.; FEDERAL REHABILITATION ACT - 28 U.S.C., § 794; TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; TITLE 15 CCR OF CDCR § 3040(a); FALSIFIED, WRITTEN REPORTS - KNOWN TO BE FALSE AND SUBMITTED TO OFFICIALS OF CDCR - PERJURY.

FACTS - AS PREVIOUSLY NOTED IN THIS COMPLAINT DOCUMENTATION.

## CLAIM III

HABITUAL OBSERVABLE ACTS OF DEFENDANTS TO OBSTRUCT JUSTICE UNDER 18 U.S.C., § 3C1.1 AS FOUND IN <u>U.S. v. JIMENEZ</u>, 300 F.3d 1166, 1170 (9TH CIR. 2002); ALSO <u>U.S. v. ARNESON</u>: 2/11/19 (9TH CIR. 2019).

<u>FACT</u> - ON-GOING DELIBERATE AND INTENTIONAL DEFENDANT ACTS OF CONSPIRACY AND OBSTRUCTION ELICITED IN THIS CASE TO COVER-UP ILLEGALITIES AS NOTED IN THIS COMPLAINT.

## LUDICROUS, EGREGIOUS 11TH AMENDMENT IMMUNITY

1. FEDERAL COURTS RECOGNIZE THE POWER AND AUTHORITY OF CONGRESS, WHEN ACTING UNDER SECTION 5 OF THE FOURTEENTH AMENDMENT, TO ABROGATE THAT IMMUNITY ERRONEOUSLY CLAIMED IN ORDER TO IMPLEMENT THE FEDERAL CONSTITUTION'S AMENDMENT TO EVADE PROSECUTION. 12 (AND FOLLOWING PARAGRAPHS).

2. CONGRESS, AS HELD BY THE U.S. CONSTITUTION AND SCOTUS IN ALL RELEVANT SECTIONS OF THE AMERICANS WITH DISABILITIES ACT, THE REHABILITATION ACT AND TITLE VII OF THE CIVIL RIGHTS ACT HAS EFFECTIVELY EXERCISED THIS POWER TO ABROGATE ELEVENTH AMENDMENT IMMUNITY OF DEFENDANTS OF A STATE,12 THEREFORE, THIS PLAINTIFF MOVES THE HONORABLE COURT TO EXERCISE BOTH AUTHORITIES GIVEN BY THE U.S. CONGRESS CONCURRED BY SCOTUS TO ///

---

12. THE LEGAL WRITER - STEVEN D. STARK, PROFESSOR OF CONSTITUTIONAL LAW AT YALE AND HARVARD LAW SCHOOLS; DOUBLEDAY, 1999

42 U.S.C., § 1983           14           1:21-cv-01371-NONE-EPG (PC)

COURT PAPER
STATE OF CALIFORNIA

ABROGATE, BY CONSTITUTIONAL MEANS, ANY CLAIMS OF IMMUNITY OF THE DEFENDANTS. [ FURTHER SEE HANS V. LOUISIANA, 134 U.S. 1 (1890); EDELMAN V. JORDAN, 415 U.S. 651 (1974); FITZPATRICK V. BLITZER, 427 U.S. 445 (1976); AND PARDEN V. TERMINAL RAILWAY, 377 U.S. 184 (1964) ].

3. THE ELEVENTH AMENDMENT, RATIFIED FEBRUARY 07, 1795, RESULTED IN THE DECISION IN CHISOLM V. GEORGIA (1793), 2 U.S. 419, 1 L.Ed. 440 WHERE THE U.S. SUPREME COURT HELD FIRMLY, THAT A STATE OR STATE OFFICIAL WAS SUABLE IN THE U.S. SUPREME COURT.

## EXHAUSTION OF ALL STATE REMEDIES

1. THE PLAINTIFF HAS DILIGENTLY, TIMELY COMPLIED TO FEDERAL STATUTE TO EXHAUST ALL STATE REMEDIES IN HIS CASE PURSUANT TO THE PRISON LITIGATION REFORM ACT OF 1996 (42 U.S.C., § 1997e); AND AS REQUIRED IN JONES V. BOCK, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); AND AS CONCURRED BY VALLEY STATE PRISON AND CDCR'S LT. McCLELLAN IN "C-AIMS-VSP-1261-20".

2. AS PREVIOUSLY NOTED BY PLAINTIFF AND NUMEROUS INMATES ON THEIR INDIVIDUAL CASE, THE GRIEVANCE AND THE APPEALS COMMITTEE FAILED EACH TIME IN TIMELY 60-DAY RESPONSE TO WELL OVER 110-DAYS, AS REQUIRED. THEREFORE, ANY DEFENSE IS UNTIMELY, MOOT.

3. FOR THIS LAWSUIT'S PURPOSE, PLAINTIFF IS NOT REQUIRED TO EXHAUST

1. REMEDIES IN THIS SPECIFIC § 1983 MATTER PURSUANT TO FEDERAL STATUTE AS UTILIZED IN <u>FOULK v. CHARRIER</u>, 262 F.3d 687, 698 (8TH CIR. 2001) WHICH HELD, "THAT INMATE EXHAUSTION (EXHAUSTED) HIS AVAILABLE ADMINISTRATIVE REMEDIES, WHERE HIS TESTIMONY ESTABLISHED THAT PRISON OFFICIALS FAILED TO RESPOND TO HIS INFORMAL RESOLUTION REQUEST, THEREBY PREVENTING HIM FROM FILING GRIEVANCE APPEAL."

   A. SIMILARLY, PLAINTIFF OBSERVED AND EXAMINED "OPENED" ITEMS OF COURT AND CDCR MAIL CONFIDENTIALLY ADDRESSED AS LEGAL MAIL TO THE PLAINTIFF. MISSING OR REDACTED LEGAL DOCUMENTS WERE OBSERVED, NOTED.

   B. "GRIEVANCE" OR "APPEALS" WERE ALREADY PRE-DATED WEEKS PRIOR TO ACTUALLY MAILING TO THE INMATE... THUS NOTING A RHETORICAL CDCR STATEMENT THAT A GRIEVANCE WAS DENIED DUE TO BEING UNTIMELY.

4. LIKEWISE, WHEN <u>JONES V. BLOCK</u> (Id.) IS CAREFULLY EXAMINED, (AT 919-922)(SPECIFICALLY AT 921), "... INMATES ARE NOT REQUIRED TO SPECIFICALLY PLEAD OR DEMONSTRATE EXHAUSTION IN THEIR COMPLAINTS." CDCR DEFINITELY IS CONCLUDED, VIA ITS OWN TITLE 15, IS EXTREMELY MISINTERPRETED ON "EXHAUSTION" AND IS SUPERSEDED BY CASE LAW AND MANDATES FROM THE U.S. SUPREME COURT.

* DUE THE DISTRICT COURTS PAGE LIMIT AT THIS TIME, PLAINTIFF WILL BE VERY BRIEF IN HIS CLOSING STATEMENTS. ADDITIONAL EVIDENCE AND FUTURE MOTIONS FOR INJUNCTIVE RELIEF, ET. AL. IS PENDING.

## RELIEF

1. FIRST, TRIAL BY JURY IS RESPECTFULLY DEMANDED IN THE BEST INTEREST OF JUSTICE. RELIEF NOT TO BE TAXPAYER EXPENSED.

2. ANY FORM OF RELIEF AGAINST THE DEFENDANTS SHALL BE DETERMINED, IN PART, BY SETTLEMENT HEARING / EVIDENTIARY HEARING AS ORDERED BY THE HONORABLE COURT.

## PRIOR FEDERAL CASES

1. ONLY ONE. JAMES GRZESLO v. M. POLLARD, WARDEN. SOUTHERN DISTRICT COURT OF SAN DIEGO, CALIFORNIA. 2018-2019. TEMPORARILY CLOSED WITHOUT PREJUDICE BY THIS PLAINTIFF. INVESTIGATORS COULD NOT LOCATE FEMALE DENTIST WHO CAUSED MY CEREBRAL VASCULAR ACCIDENT JANUARY 03, 2018 — A NEAR FATAL ERR WHICH LEFT PLAINTIFF PERMANENTLY DISABLED.

## CLOSE

FOR GOOD CAUSE, PLAINTIFF JAMES GRZESLO TIMELY FILES HIS COMPLAINT AND LAWSUIT AGAINST NAMED DEFENDANTS EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS; FOR VIOLATIONS TO CONSTITUTIONAL RIGHTS, FEDERAL / STATE STATUTES, AND TO STATE AGENCY REGULATIONS BY DEFENDANTS TOWARD THIS PLAINTIFF. WITNESSES, UNDER IMMUNITY OF REPRISE AND

17

42 U.S.C., § 1983                    1:21-CV-01371-NONE-EPG (PC)

RETALIATION HAVE AGREED TO TESTIFY IN PLAINTIFF'S BEHALF.
AGAIN, TRIAL BY JURY IS DEMANDED.

RESPECTFULLY,

JAMES GRZESLO, PLAINTIFF / PRO SE LITIGANT

EXECUTED / PRISON FILED: JANUARY 12, 2022

///
///
///

### DECLARATION

I, JAMES GRZESLO, AM THE PLAINTIFF AND A PARTY IN THIS ACTION. I AM A UNITED STATES CITIZEN OVER THE AGE OF 18 YEARS.

PURSUANT TO ALL LAWS PERTAINING PERJURY, THE AFOREMENTIONED COMPLAINT IS TRUE AND ACCURATE.

JAMES GRZESLO, PLAINTIFF     01/12/2022
mg

///
///
///
///

18

42 U.S.C., § 1983      1:21-cv-01371-NONE-EPG (PC)

COURT PAPER
STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT
<u>EASTERN</u> DISTRICT OF CALIFORNIA
FRESNO DIVISION

<u>JAMES GRZESLO, PLAINTIFF,</u>

v.

Case Number: 1:21-cv-01371-NONE-EPG (PC)

<u>KATHLEEN ALLISON, SECRETARY</u>

PROOF OF SERVICE

<u>OF CDCR, ET AL., DEFENDANTS</u>

I hereby certify that on <u>JANUARY 12, 2022</u>, I served a copy

of the attached "<u>PLAINTIFF'S SECOND AMENDED §1983 COMPLAINT</u>",

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

<u>VALLEY STATE PRISON</u>:

(List Name and Address of Each
Defendant or Attorney Served)

1. OFFICE OF THE HONORABLE CLERK
U.S. DISTRICT COURT, EASTERN DISTRICT
FRESNO DIVISION
2500 TULARE STREET, SUITE 1501
FRESNO, CALIFORNIA 93721

2. DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
1300 "I" STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CALIFORNIA
94244-2558

I declare under penalty of perjury that the foregoing is true and correct.

_____ 01-12-2022

(Signature of Person Completing Service)