UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZELSO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. SUAZO,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01371-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND<br><br>(ECF No. 31)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff James Grzeslo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 5, 16, 25). Plaintiff filed the complaint commencing this action on September 14, 2021, raising Eighth Amendment, Americans with Disabilities Act (ADA), due-process, and retaliation claims. (ECF No. 1).

On October 18, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint." (*Id.* at 16).

On November 12, 2021, Plaintiff filed his first amended complaint, raising Eighth Amendment, ADA, and due-process claims. (ECF No. 16). On December 2, 2021, the Court screened Plaintiff's first amended complaint and found that it failed to state any cognizable

1

claims. (ECF No. 19). The Court gave Plaintiff thirty days to either file a second amended complaint or notify the Court in writing that he wanted to stand on his complaint." (*Id.* at 14).

After receiving an extension of time, Plaintiff filed a second amended complaint on January 18, 2022, raising Eighth Amendment, First Amendment, ADA, and due-process claims. (ECF No. 25). On February 9, 2022, the Court screened Plaintiff's second amended complaint and found that it failed to state any cognizable claims. (ECF No. 26). The Court recommended that leave to amend be granted only as to Plaintiff's First Amendment claim against Defendant Suazo based on his free exercise of religion claim.

Overruling Plaintiff's objections, the District Judge adopting the findings and recommendations on April 14, 2022, granting Plaintiff thirty days to file a third amended complaint, "**only** [as to] his claim for a First Amendment violation against defendant Suazo related to throwing away Plaintiff's 'Jewish prayer.'" (ECF No. 30, p. 2).

Plaintiff filed a third amended complaint on May 11, 2022. (ECF No. 31). The Court has reviewed Plaintiff's third amended complaint and will recommend that this action be dismissed without further leave to amend.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the

1  action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C.
2  § 1915(e)(2)(B)(ii).

3      A complaint is required to contain "a short and plain statement of the claim showing
4  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
7  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient
8  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
9  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting
10 this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts
11 "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d
12 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a
13 plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

14     Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
15 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
16 *pro se* complaints should continue to be liberally construed after *Iqbal*).

17     **II.**    **SUMMARY OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

18     Plaintiff lists two claims in his complaint, both arising at Valley State Prison. Officer B.
19 Suazo is the sole Defendant.

20     For his first claim, Plaintiff states that Suazo inspected lockers on September 25, 2021.
21 Plaintiff found his locker open and "noted his small black religious bag had been opened and a
22 Hebrew religious and sacred prayer item had been removed."[1] (ECF No. 31, p. 3).

23         Properly called "Tefillin" (Hebrew word for "prayer"), each box contains the
24         most scared of all Jewish prayers—the Shema . . . . The sacred Shema Prayer
        and Tefillin dates back 3600 years ago to Abraham. As with all Jewish males,
25         Plaintiff's twin Tefillin cases have had a Hebrew scribe write the entire Shema
        for each box; written on parchment and sealed with lamb's skin in Israel—thus
26         making them "Kosher" (pure)—not meaning, "Blessed by a rabbi."

27 ――――――――――――――

28 [1] For readability, minor alterations, such as changing punctuation and capitalization, have been made to quoted sections of Plaintiff's third amended complaint without indicating each change.

(*Id.* at 4). Plaintiff is an Orthodox Jew and the son of Holocaust survivors. The Tefillin are from his late father. The "Tefillin/Prayers [were] taken for premeditated anti-Semitic hate crime by Suazo—they are ruined." (*Id.*). Suazo has admitted that he knew Plaintiff was a Jew and ordered another prisoner to search numerous dumpsters in the rain "for Plaintiff's sacred religious property." (*Id.*). "More than an hour later, soaking wet, the prisoner returns to Pod 09 with the destroyed, sopping wet sacred instruments of the Jewish faith." (*Id.*).

For his second claim, Plaintiff asserts that Suazo committed an intentional and premeditated hate crime by destroying his sacred religious property. Plaintiff alleges that the First Amendment guarantees prisoners the right of "religious belief without harming entities' security." (*Id.* at 5). Citing out-of-circuit case law regarding when prison officials may prohibit religious literature, Plaintiff asserts that Suazo had no penological justification to destroy his sacred religious property.

Aside from the First Amendment, Plaintiff's complaint is interspersed with conclusory allegations of other statutory and constitutional violations—Title VI, Title VII, the Eighth Amendment, and the Fourteenth Amendment.

**III.   ANALYSIS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

**A.  Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. First Amendment

Primarily, Plaintiff's first and second claims argue that Suazo violated his First Amendment right to freely exercise his religion by throwing away his sacred religious property without a penological justification. (ECF No. 31, p. 5). "[P]risoners retain the protections of the First Amendment," but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1997)). "To prevail on [a] Free Exercise claim, [a plaintiff] must

allege facts plausibly showing that the government denied [him] 'a reasonable opportunity of pursuing [the prisoner's] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Id.* (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

As the Court previously advised Plaintiff in the prior screening order, Plaintiff's mere allegation that Suazo destroyed his sacred religious property because he is anti-Semetic, without more, fails to state a claim. While Plaintiff indicates that the destroyed property had great personal meaning, this does not show that Suazo has burdened his ability to exercise his religion. Notably, the items, although damaged, were returned. Plaintiff has failed to allege facts showing that the damage to his property now prohibits him from exercising his religious beliefs comparable to the opportunities afforded other prisoners. *See Buckley v. Presley*, 163 F. App'x 550, 551 (9th Cir. 2006) (unpublished) ("Buckley failed to present any evidence in the district court that he required multiple prayer shawls or the particular prayer shawl confiscated to practice his religion. Absent this showing, the only reasonable inference is that Buckley's ability to practice his religion was not burdened by the confiscation of one of his prayer shawls, when he was left with three other prayer shawls."). Thus, Plaintiff fails to state a claim for violation of his First Amendment right to freely exercise his religion.[2]

### C. Other Cited Authorities

As noted, within his third amended complaint, Plaintiff relies on other authority to claim a violation of his rights—Title VI, Title VII, the Eighth Amendment, and the Fourteenth Amendment. Such claims may be dismissed for at least two reasons.

---

[2] The Court is not concluding that it is acceptable to destroy a prisoner's religious property. The Court is only concluding that Plaintiff's allegations fail to state a First Amendment claim for violation of Plaintiff's right to freely exercise his religion. Plaintiff is advised that "California law provides an adequate post-deprivation remedy in the form of tort claims against public officials." *Strauss v. Cty. of Los Angeles*, No. 19-CV-05277-GW (AFM), 2020 WL 8026143, at *9 (C.D. Cal. Oct. 7, 2020), *report and recommendation adopted*, 2021 WL 2808824 (C.D. Cal. July 2, 2021); *see also Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95 of the Government Claims Act and noting that California state prisoner had adequate post-deprivation remedy for negligent or intentional deprivation of property). However, the Court advises Plaintiff that such claims may be subject to procedural requirements, and the Court is not concluding that Plaintiff has met such requirements. *See, e.g.*, Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.

First, although Plaintiff previously asserted the same or similar legal theories in his second amended complaint, the District Judge's order adopting the findings and recommendations granted leave to amend as to one type of violation: "Plaintiff is granted leave to amend **only** his claim for a First Amendment violation against defendant Suazo related to throwing away Plaintiff's 'Jewish prayer.'" (ECF No. 30, p. 2). As Plaintiff attempts to reassert legal theories that exceed the scope of the District Judge's order, these claims may be dismissed. *See Vahora v. Valley Diagnostics Lab'y Inc.*, No. 1:16-CV-01624-SKO, 2017 WL 2572440, at *2 (E.D. Cal. June 14, 2017) (collecting cases noting that a court may dismiss claims that exceed the scope for which leave to amend was granted).

Second, even if Plaintiff had not exceeded the scope of the District Judge's grant of leave to amend, Plaintiff offers no developed explanation of how any other right was violated. Plaintiff's failure to develop the legal or factual basis for any other claim also warrants dismissal. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (noting that courts are not required to accept conclusory legal or factual allegations).

## IV. CONCLUSION AND RECOMMENDATIONS

The Court concludes that Plaintiff's third amended complaint fails to state any cognizable claim. The Court will recommend that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his third amended complaint with the benefit of this information but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's third amended complaint be dismissed for failure to state a claim and without further leave to amend, and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 17, 2022**            /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE