UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZELSO,<br><br>        Plaintiff,<br><br>   v.<br><br>B. SUAZO,<br><br>        Defendant. | Case No.: 1:21-cv-1371 JLT EPG (PC)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS**<br><br>(Doc. 32) |

      This case proceeds on Plaintiff's Third Amended Complaint, which was filed after the undersigned permitted amendment "only [as to Plaintiff's] claim for a First Amendment violation against defendant Suazo related to throwing away Plaintiff's 'Jewish prayer.'" (Doc. 30 at 2). At that stage of the case, the allegations regarding defendant Suazo's actions in relation to Plaintiff's "Jewish prayer" were threadbare and unclear. (*See* Doc. 26 at 16–17.) The Court indicated that upon amendment, "Plaintiff should describe sufficient facts to determine what the 'Jewish prayer' is that was thrown away, the circumstances behind Souza's actions, and how Plaintiff was denied a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners." (Doc. 26 at 17, adopted by Doc. 30.) Plaintiff amended his Complaint, which was once again screened by the magistrate judge, who recommends dismissal for failure to state a claim. (Doc. 32.) Plaintiff was afforded an opportunity to object to the magistrate judge's recommendations and did so. (*See* Doc. 35.)

1

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court declines to adopt the findings and recommendations as to Plaintiff's First Amendment claim regarding his prayer document.

The magistrate judge faithfully describes the factual allegations in the TAC as follows:

> For his first claim, Plaintiff states that Suazo inspected lockers on September 25, 2021. Plaintiff found his locker open and "noted his small black religious bag had been opened and a Hebrew religious and sacred prayer item had been removed." (ECF No. 31, p. 3).
>
> Properly called "Tefillin" (Hebrew word for "prayer"), each box contains the most scared of all Jewish prayers— the Shema . . . . The sacred Shema Prayer and Tefillin dates back 3600 years ago to Abraham. As with all Jewish males, Plaintiff's twin Tefillin cases have had a Hebrew scribe write the entire Shema for each box; written on parchment and sealed with lamb's skin in Israel—thus making them "Kosher" (pure)—not meaning, "Blessed by a rabbi."
>
> (*Id*. at 4). Plaintiff is an Orthodox Jew and the son of Holocaust survivors. The Tefillin are from his late father. The "Tefillin/Prayers [were] taken for premeditated anti-Semitic hate crime by Suazo—they are ruined." (*Id*.). Suazo has admitted that he knew Plaintiff was a Jew and ordered another prisoner to search numerous dumpsters in the rain "for Plaintiff's sacred religious property." (*Id*.). "More than an hour later, soaking wet, the prisoner returns to Pod 09 with the destroyed, sopping wet sacred instruments of the Jewish faith." (*Id*.).

(Doc. 32 at 3–4.)

The magistrate judge also correctly articulated the relevant legal standards under the First Amendment and 42 U.S.C. § 1983 as follows:

> "[P]risoners retain the protections of the First Amendment," but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." *Hartmann v. California Dep't of Corr. & Rehab*., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1997)). "To prevail on [a] Free Exercise claim, [a plaintiff] must allege facts plausibly showing that the government denied [him] 'a reasonable opportunity of pursuing [the prisoner's] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Id*. (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

While relying on these general standards, the magistrate judge cited *Buckley v. Presley*, 163 F. App'x 550, 551 (9th Cir. 2006) (unpublished), for the proposition that the facts alleged here do not

describe a sufficient burden on religious practice. In *Buckley*, the Ninth Circuit held that defendant was entitled to summary judgment because, "Buckley failed to present any evidence in the district court that he required multiple prayer shawls or the particular prayer shawl confiscated to practice his religion. Absent this showing, the only reasonable inference is that Buckley's ability to practice his religion was not burdened by the confiscation of one of his prayer shawls, when he was left with three other prayer shawls." *Id*. In the Court's view, *Buckley*, which was decided on summary judgment, does not bar Plaintiff's claim from proceeding past screening. Viewing the allegations in the light most favorable to Plaintiff, the TAC plausibly alleges that Plaintiff's Tefillin was effectively destroyed by defendant Suazo's actions. It is also plausible to read the TAC as alleging that the loss of this religious item of great personal significance does significantly burden Plaintiff's religious practice. For these reasons, the Court declines to adopt the findings and recommendations and will allow this claim only to proceed past screening.

The Court agrees wholly with the magistrate judge as to all other claims in the case, including the newly asserted claim that attempts to allege that defendant Suazo committed a hate crime. Plaintiff was not afforded leave to advance such a claim. Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on May 18, 2022 (Doc. 32) are **ADOPTED IN PART** as described above.
2. Plaintiff's First Amendment claim regarding defendant Suazo's actions in relation to Plaintiff's prayer document may proceed.
3. The Third Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted in all other respects.
3. The case is returned to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **July 28, 2022**

UNITED STATES DISTRICT JUDGE

3