IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>B. SAUZO,<br><br>　　　　　　Defendant. | 1:21-cv-01371-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION AND OBJECTIONS<br><br>(ECF No. 46) |

  Plaintiff James Grzelso is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amendment claim regarding Defendant Suazo's actions in relation to Plaintiff's prayer document.

  Plaintiff's motion addresses the merits of his case and several procedural complaints, including "Federal prohibited ex parte communications between this Court and defense counsel DAG Bragg," "deficiency of required proof of service," coercive acts of defense counsel," and "validation of criminal hate crime and antisemitism."[1] (ECF No. 46, at p. 1). The filing is lengthy and at times difficult to understand but appears to assert that defense counsel is making unsupported arguments in this case and that defense counsel and the Court have engaged in ex parte communications (*i.e.*, communications between themselves without including Plaintiff).

---

[1] For readability, minor alterations, such as omitting capitalization and correcting mispellings, have been made to quotations from Plaintiff's motion.

1

As an initial matter, Plaintiff's filing does not comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7(b) (requiring that motions "state with particularity the grounds for seeing the order;" and "the relief sought"). Instead, it lists various accusations such as that defense counsel "conjured the fateful concept that CDCR's Manual of Regulations – Title 15—has the overriding authority to supersede and overrule federal statutes." (ECF No. 46, p. 1). It also requests relief including "all visas, passports, licenses must be surrendered immediately to the U.S. Marshal Service or directly in person," and "to 'freeze' all real and personal assets, property, bank accounts, stocks" without any legal basis for such relief. (*Id.* at 10). Plaintiff's motion is subject to dismissal for this reason.

Nevertheless, the Court will address certain specific issues identified in Plaintiff's motion.

I.   **Ex Parte Communications**

Plaintiff's motion repeatedly alleges that the Court and defense counsel have engaged in improper ex parte communications. According to Plaintiff, defense counsel engaged in an "ex parte communication to the Plaintiff" by sending him an unspecified communication without "the required proof of service." (ECF No. 46, p. 3). And this Court engaged in ex parte communications with defense counsel because certain filings (ECF Nos. 40, 42, 43) do not contain a proof of service and were received later than the date indicated on the proof of service.

An ex parte communication is "a communication between counsel or a party and the court when [the] opposing counsel or party is not present." Communication, Black's Law Dictionary (11th ed. 2019).

Plaintiff's claims that defense counsel engaged in ex parte communications with Plaintiff are incorrect. Defense counsel is permitted to correspond directly with Plaintiff where Plaintiff is not represented by counsel. There is nothing improper about defense counsel communicating with Plaintiff without including the Court. Accordingly, the communication that defense counsel sent to Plaintiff could not be an ex parte communication because it did not involve the Court.

Likewise, none of the filings that Plaintiff cites are ex parte communications. ECF No. 40 is a notice of change of address *filed by Plaintiff* and is thus not an ex parte communication between defense counsel and the Court. ECF No. 42 is Defendant's notice of e-service waiver and ECF

No. 43 is Defendant's waiver of service of summons, both of which are filed on the record and are thus not ex parte communications between defense counsel and the Court.

To the extent that Plaintiff argues that there is some impropriety about the latter two documents not having a certificate of service, this too is incorrect. The waiver of service of summons (ECF No. 43) does in fact contain a certificate of service showing that it was mailed to Plaintiff. To the extent Plaintiff alleges it was not received by Plaintiff until after the date indicated, this is likely due to delays in the mail and prison distribution.

The Court notes that the notice of e-service waiver (ECF No. 42) is sealed and does not contain a certificate of service because such waivers may contain personal information of a defendant, such as a home address, that could create personal safety concerns. *See Buckley v. Alameida*, No. 1:04-CV-05688-LJO, 2012 WL 6184970, at *1 (E.D. Cal. Dec. 11, 2012) (sealing identity of inmate in a *pro se* § 1983 case where the safety of the inmate was at issue). However, the relevant content of the filing—that Defendant intended to waive service—is apparent from the publicly accessible entry on the docket sheet.

**II.   Recusal**

Plaintiff next argues that the Court's ex parte communications and allege bias against him warrant the Court recusing from the case or the District Judge removing the Court from the case. (ECF No. 46, pp. 5, 8).

Under 28 U.S.C. § 455(b)(1) a court shall disqualify itself from a case where the judge "as a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Plaintiff's motion fails to show a basis for recusal under either statute. First, as already discussed, the Court has not engaged in improper ex parte communications with defense counsel. Second, Plaintiff's allegations of bias are unsupported and appear to be based solely on rulings from the Court that Plaintiff disagrees with. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.

1984) ("To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias.") (internal citations omitted).

### III. Order Regarding Early Settlement Conference

Finally, Plaintiff asserts that the Court's November 29, 2022 order regarding an early settlement conference "is an erroneous ruling" based on the District Judge's earlier order allowing the case to proceed against Defendant. (ECF No. 46, p. 4; *see* ECF Nos. 36, 44). However, the District Judge's order permitting this case to proceed in no way limited the Court's authority to order Defendant to consider participating in an early settlement conference. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1057 (9th Cir. 2012), *as amended* (Oct. 16, 2012) (noting "that the district court has broad authority to compel participation in [a] mandatory settlement conference"). Accordingly, Plaintiff's argument that the order regarding early settlement conference has been "previously overrul[ed]" is meritless. (ECF No. 46, p. 4).

### IV. Order

For the reasons given above, IT IS ORDERED that Plaintiff's "motion and objections" (ECF No. 46) are denied.

IT IS SO ORDERED.

Dated: **January 4, 2023**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4