IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>               Plaintiff,<br><br>    v.<br><br>B. SAUZO,<br><br>               Defendant. | 1:21-cv-01371-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION AND OBJECTIONS<br><br>(ECF No. 50) |

Plaintiff James Grzelso is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amendment claim regarding Defendant Suazo's actions in relation to Plaintiff's prayer document.

Plaintiff's motion and objections (ECF No. 50) generally (1) complain about this Court's January 4, 2023 order (ECF No. 49) denying his prior motion and objections (ECF No. 46) and (2) complain that this Court granted (ECF No. 48) Defendant's recent motion for extension of time (ECF No. 47) without awaiting a response from him.

As to Plaintiff's first complaint, he fails to identify any errors that would lead the Court to reconsider its order denying his prior motion and objections that accused the Court and defense counsel of engaging in ex parte communications and argued that the Court should recuse from this case.[1]

---

[1] As to Plaintiff's complaint that Defendant did not respond to his prior motion and objections, because the filing was meritless, the Court did not need to await any response from Defendant before issuing an order.

1

1    As to Plaintiff's second complaint—that the Court did not wait for a response from him before ruling (ECF No. 48) on Defendant's motion for extension (ECF No. 47) of time to file a responsive pleading and to opt-out of the scheduling conference—Plaintiff is advised that Local Rule 144(c) permits a court to grant an ex parte extension of a deadline. As required by the Rule, defense counsel provided a declaration in support of the extension, explaining why a stipulation could not be obtained—Plaintiff's incarceration prohibited him from being easily contacted within a shortened window of time—and explaining why the extension was needed—staffing issues at the Attorney General's Office. (ECF No. 47, pp. 3-4). Further, in granting the extension, the Court noted that, because of the length of the extension granted, no further extensions would be granted absent extraordinary circumstances. (ECF No. 48). Moreover, despite all of Plaintiff's complaints about the Court's order, it appears that Plaintiff does not oppose the extension. (ECF No. 50 – "It should be comprehended that Plaintiff Grzeslo does not dissent the extension granted to Defendant in Dkt. No. 48.") (capitalization omitted).

Accordingly, IT IS ORDERED that Plaintiff's motion and objections (ECF No. 50) are denied.[2]

IT IS SO ORDERED.

Dated:   **January 18, 2023**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that any future summary and unsupported motions or objections concerning ex parte communications or the Court's recusal will be summarily denied. Moreover, the filing of the same rejected arguments may be considered frivolous and vexatious, subjecting Plaintiff to sanctions.

2