IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>      Plaintiff,<br><br>  v.<br><br>B. SAUZO,<br><br>      Defendant. | 1:21-cv-01371-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMOVE ATTORNEY LAWRENCE BRAGG FROM CASE AND TO STAY CASE<br><br>(ECF No. 53) |

  Plaintiff James Grzelso is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amendment claim against Defendant Suazo.

  Generally, Plaintiff's motion seeks (1) an order removing Attorney Lawrence Bragg from this case for allegedly engaging in ex parte communications and (2) an order staying this case while criminal charges are pursued against Defendant B. Sauzo.

  As to the first request, the Court has previously denied two similar motions, finding no evidence of any improper ex parte communications by defense counsel in this case. (ECF Nos. 49, 51). Further, the Court noted in its latest order that "any future summary and unsupported motions or objections concerning ex parte communications . . . will be summarily denied." (ECF No. 51, p. 2 n.2). This latest request fits this description. Moreover, the Court notes that, on March 17, 2023, three days before Plaintiff filed this motion, a different attorney, Attorney Molly

1

Christ, was noticed to represent Defendant, and Attorney Bragg is no longer representing Defendant in this case. (ECF No. 52). Thus, Plaintiff's request is also moot.

Plaintiff's second request is hard to follow, but he generally appears to argue that Defendant committed a crime against him in connection with the allegations in this case and asks that this case to be stayed "pursuant to federal criminal felony hate crime charges against Defendant" and for "Court notification of criminal action and representation by the state on behalf of Plaintiff." (ECF No. 53, p. 10) (capitalization omitted).

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Plaintiff provides nothing to indicate that charges against Defendant have been filed or will be filed. And to the extent that he seeks to initiate criminal charges himself, he cannot do so. *See Banuelos v. Gabler*, No. 1:18-CV-00675-LJO-SAB, 2018 WL 2328221, at *3 (E.D. Cal. May 22, 2018) ("[U]nless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action."). There being no reason to impose a stay, the Court will not stay this case.

\\\
\\\
\\\
\\\

1 | Accordingly, IT IS ORDERED that Plaintiff's motion (ECF No. 53) to remove Attorney
2 | Lawrence Bragg from this case and to stay this case is denied.

IT IS SO ORDERED.

Dated:   **March 22, 2023**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE