IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>                Plaintiff,<br><br>     v.<br><br>B. SAUZO,<br><br>                Defendant. | 1:21-cv-01371-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 57, 59, 62)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Plaintiff James Grzelso is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Despite ordering Plaintiff multiple times to file a scheduling and discovery statement, and advising him that failure to file one may result in dismissal of this case, Plaintiff has failed to file a statement. (ECF Nos. 57, 59, 62). Accordingly, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with Court orders and to prosecute this case.

    **I.    BACKGROUND**

      Plaintiff filed this case on September 14, 2021, and it proceeds on Plaintiff's First Amendment claim against Defendant Suazo. (ECF Nos. 1, 36). Following Defendant's waiver of service, Plaintiff filed a series of motions accusing the undersigned of misconduct. On December 19, 2022, Plaintiff filed a motion accusing the undersigned of being biased against him and engaging in improper ex parte communications with defense counsel, arguing that the

1

undersigned erroneously ordered an early settlement conference. (ECF No. 46). The undersigned denied the motion on January 4, 2023, concluding that Plaintiff failed to identify any bias or improper ex parte communications, that the undersigned had the authority to order a settlement conference, and that there was no basis for recusal. (ECF No. 49).

On January 17, 2023, Plaintiff filed a motion and objections generally (1) complaining about the undersigned's January 4, 2023 order (ECF No. 49) denying his prior motion and objections (ECF No. 46) and (2) complaining that the undersigned granted (ECF No. 48) Defendant's motion for extension of time to file responsive pleading and to opt-out of the scheduling conference (ECF No. 47) without awaiting a response from him. (ECF No. 50). The undersigned denied the motion and objections on January 18, 2023, noting that Plaintiff identified no errors leading the undersigned to reconsider the prior order and concluding that the undersigned was permitted under Local Rule 144(c) to grant Defendant's extension without awaiting a response, and in any event, it appeared that Plaintiff did not oppose the extension. (ECF No. 51). This order included a footnote, stating as follows: "Plaintiff is advised that any future summary and unsupported motions or objections concerning ex parte communications or the Court's recusal will be summarily denied. Moreover, the filing of the same rejected arguments may be considered frivolous and vexatious, subjecting Plaintiff to sanctions." (*Id.* at 2 n. 2).

On March 20, 2023, Plaintiff filed a motion seeking (1) an order removing Attorney Lawrence Bragg from this case for allegedly engaging in ex parte communications and (2) an order staying this case while criminal charges are pursued against Defendant B. Sauzo. (ECF No. 53). The undersigned denied the motion on March 22, 2023, noting the prior rejections of Plaintiff's assertions of improper ex parte communications and concluding that Plaintiff had provided no basis to stay the case, such as an indication that criminal charges had been, or would be, filed against Defendant. (ECF No. 54).

On April 13, 2023, the undersigned issued an order requiring the parties to file scheduling and discovery statements within thirty days so that the case could be scheduled. (ECF No. 57). At Plaintiff's request, the undersigned granted Plaintiff an extension to June 19, 2023, to file his statement. (ECF Nos. 58, 59). Defendant timely filed a statement on May 10, 2023. (ECF No. 60).

On June 15, 2023, Plaintiff filed a petition for writ of mandamus in the Ninth Circuit, accusing the undersigned of violating his legal rights, condoning hate crimes against him, general incompetence, and requesting that the undersigned be removed from the case and face discipline, sanctions, or criminal prosecution. *Grzeslo v. USDC-CAFR*, Case No. 23-70108 (ECF No. 1 of Ninth Circuit case).

After Plaintiff failed, despite an extension, to file his scheduling and discovery statement by June 19, 2023, the undersigned issued an order on June 27, 2023, granting Plaintiff a *sua sponte* extension to July 14, 2023, to file his statement. (ECF No. 62). That order contained a footnote, citing authority that a petition for writ of mandamus does not deprive a trial court of jurisdiction and concluding that Plaintiff's petition did not prevent the undersigned from moving the case forward by entering a schedule. (*Id.* at 1 n. 1). Further, Plaintiff was advised that failure to comply with the order may result in dismissal of his action.

On June 29, 2023, the Ninth Circuit denied Plaintiff's petition for writ of mandamus, concluding as follows: "Petitioner has not demonstrated a clear and indisputable right to the extraordinary remedy of mandamus." (ECF No. 63).

The July 14, 2023 deadline for Plaintiff to file his statement has expired without him filing one. However, Plaintiff has filed two other documents: (1) a July 10, 2023 notice and affidavit, asserting that the undersigned's July 27, 2023 extension order is ineffective; and (2) a July 24, 2023 motion for judicial notice, accusing the undersigned of violating his constitutional rights, condoning hate crimes against him, and general incompetence. (ECF Nos. 64, 65).

As the Court is recommending dismissal of this case, and because these filings merely repeat Plaintiff's previously rejected arguments of bias and unlawful rulings, the Court will recommend that they be denied to the extent that they request any relief.

**II.   ANALYSIS**

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* Plaintiff's failure to file his scheduling and discovery statement, despite being given multiple chances to do so, is delaying this case. (ECF Nos. 57, 59, 62). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Moreover, given Plaintiff's multiple filings asserting that the undersigned's rulings are unlawful, there is no indication that he will follow the Court's orders going forward. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has failed to comply with court orders and prosecute this case, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has decided not to comply with the Court's orders or prosecute this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, the fifth factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III.  CONCLUSION AND RECOMMENDATIONS

Based on the above reasoning, the Court RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case.
2. Plaintiff's notice and affidavit (ECF No. 64) and motion for judicial notice (ECF No. 65) be denied to the extent that they request any relief.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 26, 2023**          /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

5